**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR ROJAS, *Petitioner*, v. ERIC H. HOLDER, JR., Attorney General, *Respondent*. | No. 08-74331 Agency No. A070-745-679 OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
October 16, 2012—San Francisco, California

Filed December 28, 2012

Before: J. Clifford Wallace and Carlos T. Bea,
Circuit Judges, and Jane A. Restani, Judge.[*]

Opinion by Judge Wallace

---

[*] The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

## SUMMARY[**]

### Immigration

The panel denied Oscar Rojas's petition for review from the Board of Immigration Appeals' decision affirming without opinion an Immigration Judge's order denying him pre-conclusion voluntary departure.

The panel held that the IJ did not err in considering evidence of Rojas's sexual conduct with a minor, even though he had not been convicted of a crime, because it was probative as to his bad character and undesirability for permanent residency.  The panel also held that the IJ's consideration of the underlying facts of the crime did not violate due process, because Rojas had admitted that he, as an adult, had sexual relations with a minor.

### COUNSEL

John M. Pope and Benjamin T. Wiesinger (argued), Pope & Associates, PC, Phoenix, Arizona, for Petitioner.

Richard M. Evans, Andrea Gevas (argued), Aliza Bessie Alyeshmerni, Office of Immigration Litigation, Washington, D.C., for Respondent.

---

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

## OPINION

WALLACE, Circuit Judge:

Rojas was denied pre-conclusion voluntary departure by an Immigration Judge (IJ). The Board of Immigration Appeals (Board) affirmed without a written opinion, and Rojas petitioned us for review.

Rojas's narrow but specific argument is that the IJ erred by considering facts which, in a criminal case, might be evidence of a crime. He contends that in doing so, the IJ was using a crime as evidence against him even though he had not then been convicted of the crime alleged against him. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and we deny the petition.

## I.

Rojas entered the United States without inspection in 1989. In 2007, he was served with a Notice to Appear charging him with removability. At a subsequent hearing, Rojas conceded removability under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled. After pursuing other forms of relief, Rojas eventually applied for voluntary departure.

At the voluntary departure hearing, Rojas stated that he was thirty-one years old, and that he had a one-year-old child whose mother was seventeen when the child was born. After evaluating a broad range of positive and negative factors, the IJ denied Rojas's application based in part on Rojas's admission that he, as an adult, had sexual relations with a minor.

## II.

Generally, we do not have jurisdiction over a denial of voluntary departure. 8 U.S.C. § 1252(a)(2)(B), *citing id.* § 1229c. However, we retain power to review "constitutional claims or questions of law raised upon a petition for review." *Id.* § 1252(a)(2)(D).

Rojas argues that the IJ should not have considered evidence relating to Rojas's sexual crime for which he had been arrested and charged but had not yet been convicted because (1) the evidence was not relevant, and (2) doing so violated Rojas's due process right to a presumption of innocence. These are legal and constitutional arguments over which we have jurisdiction.

"Where the [Board] does not perform an independent review of the IJ's decision and instead defers to the IJ's exercise of his or her discretion, it is the IJ's decision that we review." *Campos-Granillo v. INS*, 12 F.3d 849, 852 (9th Cir. 1993). Purely legal questions are reviewed de novo, *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000), as are due process challenges to immigration proceedings, *Lopez-Umanzor v. Gonzales*, 405 F.3d 1049, 1053 (9th Cir. 2005).

## III.

"[A]dministrative agencies have great latitude in exercising their discretion to grant or deny requests for voluntary departure." *Campos-Granillo*, 12 F.3d at 852. In determining whether an alien merits a favorable exercise of discretion, the IJ "must weigh both favorable and unfavorable factors." *Id.* (internal quotation marks omitted). Factors for consideration include: "the nature and underlying

circumstances of the deportation ground at issue; additional violations of the immigration laws; the existence, seriousness, and recency of any criminal record; and *other evidence of bad character or the undesirability* of the applicant as a permanent resident." *In Re Arguelles-Campos*, 22 I. & N. Dec. 811, 817 (BIA 1999) (emphasis added). Thus, although good moral character is not a requirement for pre-conclusion voluntary departure under 8 C.F.R. § 1240.26(b)(1)(i), "evidence of bad character or undesirability" is nonetheless relevant to the IJ's discretionary calculations.

The evidence of Rojas's sexual conduct with a minor is probative as to his bad character and undesirability for permanent residency, and it was therefore properly considered by the IJ. Although Rojas had not been convicted of a crime for the activity, he admitted the underlying facts before the IJ.

As to Rojas's second argument, that the IJ's consideration of the underlying facts of the sexual crime violated due process by denying Rojas a presumption of innocence, we point out again that Rojas had admitted that he, as an adult, had sexual relations with a minor. The IJ's discretionary consideration of that admission simply has no implications for the presumption of innocence in a criminal case.

In light of the foregoing, we hold that the IJ did not commit any error by considering the facts Rojas admitted.

**PETITION DENIED.**