**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HASSALL MOSES, AKA Kelani Laird, | No.    13-74083 |
| Petitioner, | Agency No. A077-155-793 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Hassall Moses, a native and citizen of the Federated States of Micronesia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order of removal, and denying his motion to remand. Our jurisdiction is governed by 8 U.S.C. § 1252.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to remand. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1097-98 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Moses' motion to remand, because Moses failed to establish prima facie eligibility for the relief sought. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (the agency can deny a motion to reopen for failure to establish a prima facie case for the relief sought); *Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010) (prima facie eligibility is demonstrated by a showing that there is a reasonable likelihood that the statutory requirements for relief have been satisfied); *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063 (9th Cir. 2008) (the requirements for a motion to reopen and a motion to remand are the same).

Moses' contention that the BIA did not present sufficient reasons for its decision is not supported by the record. *See Najmabadi*, 597 F.3d at 990 (requiring that the BIA consider the issued raised and announce its decision "in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted" (citation and quotation marks omitted)).

We lack jurisdiction to consider Moses' unexhausted contentions regarding his family's current ability to pay for his ticket to Micronesia and his recent efforts

at post-conviction relief. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency). Nor do we consider new, out-of-record evidence related to these contentions. *See* 8 U.S.C. § 1252(b)(4) ("[A] court of appeals shall decide the petition only on the administrative record on which the order of removal is based[.]"); *Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (new evidence may be added to the record through a motion to reopen with the agency).

We lack jurisdiction to consider Moses' unexhausted contentions that the IJ erred in denying a further continuance, that the IJ should have given him the opportunity to call his parents, and that Moses was not provided transcripts. *See Tijani*, 628 F.3d at 1080.

We also lack jurisdiction to consider Moses' contention that the IJ abused her discretion in denying his request for voluntary departure, *see* 8 U.S.C. § 1252(a)(2)(B)(i); *Rojas v. Holder*, 704 F.3d 792, 794 (9th Cir. 2012) (judicial review of denial of voluntary departure is limited to constitutional claims or questions of law), and lack jurisdiction to consider Moses' request for prosecutorial discretion, *see Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

13-74083

Moses' Motion for Emergency Stay of Removal (Docket Entry No. 46) and his Motion for Oral Argument (Docket Entry No. 48) are denied as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**