

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AURELIO ZUNIGA-GARCIA, | No.    13-72524 |
| Petitioner, | Agency No. A090-170-021 |
| v. | |
| JEFF B. SESSIONS, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2017[**]
Pasadena, California

Before:  KLEINFELD, IKUTA, and NGUYEN, Circuit Judges.

Aurelio Zuniga-Garcia petitions for review of the Board of Immigration

Appeals's ("BIA") order dismissing his appeal from an immigration judge's

removal order.  He challenges certain evidentiary rulings in his proceeding and

argues that his due-process rights were violated at his removal hearing and that the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

government did not provide substantial evidence to demonstrate that there was a reason to believe he was trafficking controlled substances.

We have jurisdiction to review his evidentiary and due-process claims, 8 U.S.C. § 1252(a)(2)(D), and review is de novo, Rojas v. Holder, 704 F.3d 792, 794 (9th Cir. 2012). We also have jurisdiction to determine whether the immigration judge had reason to believe that Zuniga-Garcia was trafficking controlled substances and review that claim for substantial evidence. Lopez-Molina v. Ashcroft, 368 F.3d 1206, 1209–11 (9th Cir. 2004). If the immigration judge had reason to believe that Zuniga-Garcia was trafficking controlled substances, we lack jurisdiction to review the underlying removal order and must dismiss the petition. Id. at 1209. We lack jurisdiction to review the BIA's discretionary decision to deny cancellation of removal. See 8 U.S.C. § 1252(a)(2)(B)(i).

The admission of the guest roster was not improper and did not violate Zuniga-Garcia's due-process rights, because the immigration judge offered him a continuance to review it. See Cinapin v. Holder, 567 F.3d 1067, 1076–77 (9th Cir. 2009). The testimony about the bolt also did not violate his due-process rights or the rules of evidence for immigration proceedings. In an immigration hearing,

2

evidence is admissible as long as it is "probative and its admission is fundamentally fair." Rojas-Garcia v. Ashcroft, 339 F.3d 814, 823 (9th Cir. 2003). This testimony was probative to rebut Zuniga-Garcia's blind-mule theory, and its admission was fundamentally fair because Zuniga-Garcia had an opportunity to cross-examine the testifying officer. See id.

Substantial evidence supports the immigration judge's and BIA's conclusion that there was reason to believe that Zuniga-Garcia was trafficking controlled substances and removable pursuant to 8 U.S.C. § 1182(a)(2)(C). The testimony of several Department of Homeland Security officers indicated that Zuniga-Garcia was stopped at the Mexico–United States border as the owner and only occupant of a car that contained nearly fifty-nine pounds of marijuana. He also lied to the officers about where he was headed. Moreover, substantial evidence supported the conclusion that Zuniga-Garcia had personally been involved in modifying the gas tank to conceal controlled substances. Because substantial evidence supports the immigration judge's reason to believe that Zuniga-Garcia was trafficking controlled substances, we lack jurisdiction to review the removal order. See Lopez-Molina, 368 F.3d at 1209.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**