**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| FRANK MIGUEL,<br><br>      Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>      Respondent. | No.   18-72280<br><br>Agency No. A205-323-485<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 2, 2021[**]
San Francisco, California

Before: RAWLINSON and BYBEE, Circuit Judges, and CARDONE,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

Petitioner Frank Miguel (Miguel), a citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the denial of his applications for cancellation of removal, withholding of removal, and relief under the Convention Against Torture (CAT).[1] Miguel also challenges the denial of his motions for a continuance and for a remand, as well as his request for voluntary departure.

**1.** As a preliminary matter, Miguel asserts that the Immigration Judge (IJ) lacked jurisdiction to commence and conduct removal proceedings in his case because the Notice to Appear (NTA) omitted the address of filing. However, this argument is foreclosed by our recent decision in *United States v. Bastide-Hernandez*, 3 F.4th 1193 (9th Cir. 2021). *See id.* at 1196 ("[W]e now hold that when an NTA is filed, jurisdiction exists and vests with the immigration court").

**2.** The BIA did not abuse its discretion in concluding that the IJ properly deemed Miguel's application for cancellation of removal waived when he, through counsel, abandoned the application. *See Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013) (reviewing for abuse of discretion). However, Miguel asserts that his counsel was ineffective in abandoning his application. Because the BIA did not

---

[1] Miguel waived review of his CAT claim by failing to raise it in his Opening Brief. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013).

address Miguel's ineffective assistance of counsel claim, we remand for it to address this claim in the first instance. *See Coronado v. Holder*, 759 F.3d 977, 987 (9th Cir. 2014), *as amended*.[2]

3. Substantial evidence supports the BIA's finding that Miguel failed to establish a well-founded fear of future persecution on account of a protected ground. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019). Miguel failed to adduce credible, direct, and specific evidence in the record that "it is more likely than not that he would be subject to persecution on one of the specified grounds." *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006) (citation omitted). In addition, Miguel failed to challenge the agency's dispositive finding that he could internally relocate within Mexico to avoid persecution. *See Duran-Rodriguez*, 918 F.3d at 1029 n.2.

4. The IJ did not abuse its discretion in denying Miguel's motion for a continuance. *See Taggar,* 736 F.3d at 889. The IJ considered several factors, including the number of continuances previously granted. *See Mu v. Barr*, 936 F.3d 929, 936 (9th Cir. 2019).

---

[2] Miguel's due process claim premised on the IJ's alleged misreading of certain conviction documents lacks merit because the BIA did not rely on those conviction documents to deny relief.

3

**5.** Miguel failed to demonstrate that his statutory right to counsel was violated when the IJ declined his request for a continuance after his retained counsel was not present at the start of his merits hearing. Because the record indicates that the IJ took reasonable steps to ensure that Miguel's right to counsel was honored, the IJ did not err by declining to continue the hearing. *See Arrey v. Barr*, 916 F.3d 1149, 1158 (9th Cir. 2019).

**6.** Because the basis for Miguel's motion to remand mirrored his arguments on the merits, the BIA did not abuse its discretion in denying the motion. *See Angov v. Lynch*, 788 F.3d 893, 897 (9th Cir. 2015).

**7.** Substantial evidence supports the BIA's determination that the IJ properly addressed the factors relevant to Miguel's request for voluntary departure. *See Rojas v. Holder*, 704 F.3d 792, 794 (9th Cir. 2012). As Miguel failed to raise a serious constitutional issue, we lack jurisdiction to further consider Miguel's petition for review of the IJ's discretionary decision to deny voluntary departure. *See Corro-Barragan*, 718 F.3d at 1176-77.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; and REMANDED.**