**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 2 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

RODRIGO A. LOPEZ, AKA Rodrigo
Lopez Avila,

               Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.   19-72407

Agency No. A073-949-006

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2021[**]
Seattle, Washington

Before:  PAEZ, M. SMITH, and NGUYEN, Circuit Judges.

Rodrigo Lopez, a citizen of Mexico, petitions for review of a decision by the

Board of Immigration Appeals ("BIA") upholding an immigration judge's ("IJ")

_____

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  _See_ Fed. R. App. P. 34(a)(2).

denial of his application for an adjustment of status pursuant to 8 U.S.C. § 1255(i). We have jurisdiction under 8 U.S.C. § 1252, and we deny Lopez's petition.

The court lacks jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(i) to review the agency's discretionary decision to grant or deny adjustment of status under § 1255. *See Bazua-Cota v. Gonzales*, 466 F.3d 747, 748 (9th Cir. 2006). The court has jurisdiction, however, to consider colorable legal questions and constitutional claims. *See* 8 U.S.C. § 1252(a)(2)(D); *see also Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1004 (9th Cir. 2003). The court reviews de novo such claims. *See Rojas v. Holder*, 704 F.3d 792, 794 (9th Cir. 2012).

**1.** Lopez argues that the IJ erred in admitting the transcript of an interview he gave to the Phoenix Police Department during its investigation into allegations that he sexually abused his minor stepdaughter, as well as a recording of the same interview. He asserts that admission of these materials violated his due process rights because they failed to comply with the procedural requirements in the Immigration Court Practice Manual. Even if the materials were procedurally deficient under the Practice Manual, it does not necessarily follow that their use violated Lopez's due process rights; the Manual is nonbinding, and the IJ has the power to disregard its requirements in a particular case. Dep't of Justice, Immigration Court Practice Manual, § 1.1(b) (2020), https://www.justice.gov/file/1250706/download. Nor is there any indication that

2

Lopez was prejudiced by the procedural defects. At the time of the merits hearing, he had received a copy of both the transcript and the recording and acknowledged that he was already familiar with the substance of the interview. Indeed, Lopez himself authenticated the materials.

**2.** Lopez further argues that neither the recording nor the transcript should have been admitted because neither is probative given that he was acquitted of the sexual abuse charges. By considering the interview in declining to favorably exercise discretion, Lopez argues, the IJ impermissibly re-tried the criminal case against him. Lopez misstates the effect of an acquittal. A jury may find a defendant not guilty for any number of reasons, and such a verdict is not a definitive statement that the underlying accusations are not true. *See United States v. Weinstein*, 834 F.2d 1454, 1465 (9th Cir. 1987). The agency did not question Lopez's acquittal or reach any conclusions about his guilt or innocence of the crime for which he was charged. It merely considered the underlying conduct and confession that led to his criminal prosecution in deciding whether to grant his application for adjustment of status.

Evidence related to a crime for which a petitioner was not convicted may still be probative of factors that weigh on the agency's exercise of its discretion, including a petitioner's "bad character and undesirability for permanent residency." *Rojas*, 704 F.3d at 794. Such evidence is especially probative when

3

the petitioner admits to the underlying facts. *See id.* Lopez's statements about his relationships with his stepdaughter and stepson, including his admission to police that he had engaged in instances of sexual contact with his stepdaughter, were relevant to the agency's evaluation of his application, and the fact that the agency considered them did not violate his due process rights. *See id.* at 794-95.

**3.** Finally, Lopez argues that the BIA failed to follow its own precedent that little weight should be given to allegations in a police report "absent a conviction or corroborating evidence." *In re Arreguin De Rodriguez*, 21 I. & N. Dec. 38, 42 (B.I.A. 1995). The allegations of wrongdoing here, however, are supported by extensive corroborating evidence, including Lopez's own admission. And to the extent Lopez disagrees with the BIA's decision about how to weigh the evidence, his argument is merely "an abuse of discretion challenge re-characterized as an alleged due process violation" rather than a colorable legal claim, and we do not have jurisdiction to review it. *Bazua-Cota*, 466 F.3d at 749.

**PETITION FOR REVIEW DENIED.**

4