**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MARIA DEL REFUGIO GARCIA DE IBARRA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.    19-72788 <br><br> Agency No. A013-013-449 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 19, 2022[**]

Before:    SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Maria del Refugio Garcia de Ibarra, a native and citizen of Mexico, petitions

pro se for review of the Board of Immigration Appeals' order dismissing her

appeal from an immigration judge's removal order.  Our jurisdiction is governed

by 8 U.S.C. § 1252.  We review de novo questions of law and claims of due

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

process violations in immigration proceedings. *Rojas v. Holder*, 704 F.3d 792, 794 (9th Cir. 2012). We review for substantial evidence the agency's determination that there is reason to believe a noncitizen is or has been an illicit trafficker in any controlled substance. *Alarcon-Serrano v. INS*, 220 F.3d 1116, 1119 (9th Cir. 2000). We deny in part and dismiss in part the petition for review.

The agency did not err or violate due process by admitting into evidence del Refugio Garcia de Ibarra's 1988 conviction for unlawful importation of marijuana. *See Sanchez v. Holder*, 704 F.3d 1107, 1109 (9th Cir. 2012) (recognizing the Federal Rules of Evidence do not apply in immigration proceedings and that, "the sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair" (citation and internal quotation marks omitted)); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

Substantial evidence supports the agency's determination that it had reason to believe del Refugio Garcia de Ibarra is or has been an illicit trafficker of a controlled substance, or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in a controlled substance, or endeavored to do so. *See Alarcon-Serrano*, 220 F.3d at 1120 ("While a generous fact-finder might have believed [petitioner's] version of the facts, [the agency was] clearly within reason on these facts and circumstances to conclude

19-72788

otherwise."). We therefore otherwise lack jurisdiction to review the petition for review. *See* 8 U.S.C. §§ 1182(a)(2)(C)(i), 1252(a)(2)(C); *Alarcon-Serrano*, 220 F.3d at 1119-20 (court's inquiry is limited to the jurisdictional facts necessary to determining whether section 309(c)(4)(G) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 precludes further review).

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**