**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ULISES VILLA CORONEL,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-107

Agency No.
A205-320-504

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2023[**]
Pasadena, California

Before: M. SMITH and DESAI, Circuit Judges, and AMON, District Judge.[***]

Petitioner Ulises Villa Coronel challenges the Board of Immigration

Appeals' (BIA) denial of his application for withholding of removal, protection

pursuant to the Convention Against Torture (CAT), and post-conclusion

voluntary departure relief. We have jurisdiction pursuant to 8 U.S.C. § 1252

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

and deny the petition.

Because the parties are familiar with the facts, we do not recount them here except as necessary to provide context. We review legal questions de novo and factual determinations for substantial evidence. *Ixcot v. Holder*, 646 F.3d 1202, 1206 (9th Cir. 2011). Because the BIA affirmed the decision of the IJ and incorporated portions of the IJ's decision, "we treat the incorporated parts of the IJ's decision as the BIA's." *Maie v. Garland*, 7 F.4th 841, 845 (9th Cir. 2021) (quotation and citation omitted).

1.     The BIA did not err in denying withholding of removal because Petitioner failed to establish that it is more likely than not that he will be persecuted on account of any of his proposed protected grounds. *See* 8 U.S.C. § 1231(b)(3). With respect to Petitioner's proposed particular social group (PSG) of "returnees to Mexico from the United States," he has not made the requisite showing that the group is "defined with particularity" and "socially distinct within the society in question." *See Macedo Templos v. Wilkinson*, 987 F.3d 877, 882 (9th Cir. 2021) (quoting *Matter of M-E-V-G-,* 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). Moreover, we have previously rejected substantially the same proposed PSG, and Petitioner has not demonstrated that his proposed group is distinguishable. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) ("'[R]eturning Mexicans from the United States' . . . is too broad to qualify as a cognizable social group.").

With respect to Petitioner's proposed PSG of "Mexicans who oppose the

country's gangs and cartels," substantial evidence supports the BIA's finding that Petitioner failed to establish a nexus between the alleged harm and his proposed social group. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The lack of a nexus to a protected ground is dispositive of [a petitioner's] . . . withholding of removal claim[]."). Relatedly, Petitioner has not established that his proposed anti-cartel imputed political opinion is distinct from a general "desire to be free from . . . violence by gang members[, which] bears no nexus to a protected ground." *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

2. Substantial evidence supports the denial of CAT relief. Petitioner has not established that he will more likely than not be tortured by or with the consent or acquiescence of the government if removed to Mexico. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020); 8 C.F.R. § 1208.16(c)(2).

3. Finally, the BIA did not err by denying discretionary voluntary departure relief pursuant to 8 U.S.C. § 1229c(b)(1). Our review over challenges to the denial of voluntary departure is limited to "constitutional claims or questions of law," which includes "whether the BIA and IJ failed to consider the appropriate factors." *Zamorano v. Garland*, 2 F.4th 1213, 1221 (9th Cir. 2021) (citations omitted); *see* 8 U.S.C. § 1252(a)(2)(B)(i). In this case, the BIA properly weighed the factors in Petitioner's favor, including that Petitioner entered the United States as a child and has significant family ties here,

3

balanced them against Petitioner's criminal history, and exercised its discretion to deny relief. *See Rojas v. Holder*, 704 F.3d 792, 794 (9th Cir. 2012) (explaining that the agency "must weigh both favorable and unfavorable factors" in granting or denying voluntary departure and noting that a petitioner's criminal record is a factor to be considered); *Zamorano*, 2 F.4th at 1221 (noting that "family ties within the United States" and "residence of long duration in this country" constitute favorable factors).

The stay of removal remains in place until the mandate issues.

**PETITION DENIED.**

4