**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN ROJAS DURAN, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 22-611 Agency No. A093-216-564 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2023**

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Juan Rojas Duran, a native and citizen of Mexico, petitions pro se for review of a Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We review the BIA's legal conclusions de novo and its factual findings for substantial

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). Where, as here, the BIA agrees with the IJ and adds its own reasoning, we review both decisions. *Gonzalez Castillo v. Garland*, 47 F.4th 971, 976 (9th Cir. 2022). We dismiss in part and deny in part the petition for review.

While we retain power to review colorable constitutional claims, we do not have jurisdiction over a discretionary denial of voluntary departure. *See Rojas v. Holder*, 704 F.3d 792, 794 (9th Cir. 2012). Here, Rojas Duran argues that the immigration judge "did not give sufficient consideration" to his "long length of residence in the United States, his significant family ties and record of employment." Because Rojas Duran challenges the agency's sua sponte discretionary weighing of positive and negative factors without raising a question of law, we lack jurisdiction to review his claim. *See* 8 U.S.C. § 1252(a)(2)(B)(i).

Even assuming that Rojas Duran subjectively fears future persecution by the unidentified individuals who kidnapped his son for unknown reasons, substantial evidence supports the BIA's conclusion that he failed to establish a well-founded fear of future persecution where he did not show that relocation within Mexico was unreasonable. "[A]n individual who can relocate safely within his home country ordinarily cannot qualify for asylum." *I.N.S. v. Orlando Ventura*, 537 U.S. 12, 18 (2002). We deny his petition with respect to his claim for asylum.

Qualifying for withholding of removal is "a more stringent standard" than asylum. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019). Because

2                                                                22-611

Rojas Duran has not established asylum eligibility, he fails to meet the higher burden of proof for withholding of removal. *See Kumar v. Gonzales*, 439 F.3d 520, 525 (9th Cir. 2006).

Substantial evidence supports the BIA's denial of Rojas Duran's CAT claim. A petitioner seeking CAT protection must show that it is "more likely than not he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). Rojas Duran does not claim that he was harmed or tortured in Mexico before, and the record does not compel a contrary conclusion to the BIA's finding that he has not established it is more likely than not that he will be subjected to torture by or with the acquiescence of a public official. There is no evidence or claim that the unknown individuals who kidnapped his son are interested in him or even aware of his existence.

**PETITION DISMISSED in part; DENIED in part.**