**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

SEP 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HENRY OBED DIAZ-GAMEZ,

      Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

      Respondent.

No. 23-1066

Agency No.
A204-903-759

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 9, 2024**
Phoenix, Arizona

Before: RAWLINSON and COLLINS, Circuit Judges, and FITZWATER, District
Judge.***

    Henry Obed Diaz-Gamez, a native and citizen of Mexico, petitions for

review of the BIA's dismissal of his appeal of the denial of his application for

---

    \* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\* The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

withholding of removal and his request for voluntary departure.  We review the BIA's legal conclusions, "such as whether a proposed particular social group is cognizable, de novo," and "factual findings for substantial evidence."  *Nguyen v. Barr*, 983 F.3d 1099, 1101 (9th Cir. 2020) (citations omitted).

**1.**  The BIA did not err in upholding the decision from the Immigration Judge (IJ) denying withholding of removal.  The BIA did not rely on vacated decisions such as *Matter of L-E-A-II*, 27 I&N Dec. 581 (A.G. 2019), or *Matter of A-B-II*, 27 I&N Dec. 316 (A.G. 2018), in rejecting Diaz-Gamez's proposed social groups.

Substantial evidence supports the BIA's finding that Diaz-Gamez failed to establish a nexus between his proposed particular social group (PSG) of "family members of individuals targeted and killed by criminal organizations in Mexico" and any potential future persecution.  As the BIA observed, Diaz-Gamez did not establish "why his cousin was killed, who killed him, or the circumstances thereof" or that the same criminals have targeted similarly situated family members.  Therefore, substantial evidence supports the determination that Diaz-Gamez's relationship to his cousin would not be "a reason" that he would be harmed.  *Barajas-Romero v. Lynch*, 846 F.3d 351, 359 (9th Cir. 2017); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (explaining that a fear of random

crime does not establish fear of persecution on a protected ground).[1]

**2.** We do not have jurisdiction to review the discretionary denial of voluntary departure. *See Rojas v. Holder*, 704 F.3d 792, 794 (9th Cir. 2012). "However, we retain power to review constitutional claims or questions of law raised upon a petition for review." *Id.* (citation and internal quotation marks omitted). Because Diaz-Gamez does not raise a constitutional challenge or question of law, we dismiss the petition as to this claim. *See id.*; *see also* 8 U.S.C. § 1252(a)(2)(B), (D).

**PETITION DISMISSED in part and DENIED in part.**

---

[1] We do not reach the issue of whether Diaz-Gamez's proposed PSG is cognizable because the BIA did not reject Diaz-Gamez's application on that ground. *See INS v. Bagamasbad*, 429 U.S. 24, 25-26 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach. . . .") (citations omitted). Nor do we reach Diaz-Gamez's arguments based on his other proposed PSG of "Americanized Mexicans" because he conceded in his brief that it "may be overly broad to constitute a PSG by itself."