NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 24 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAMON SOLANO-TENORIO,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 23-963<br><br>Agency No.<br>A205-934-623<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 2, 2026[**]
Phoenix, Arizona

Before: CLIFTON, BYBEE, and MILLER, Circuit Judges.

Petitioner Ramon Solano-Tenorio seeks review of the Board of Immigration

Appeals' (BIA) decision upholding an immigration judge's (IJ) denial of his

cancellation of removal application and request for voluntary departure. He claims

that the agency erred in concluding that his wife had not established exceptional and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

extremely unusual hardship. He also argues that the agency abused its discretion in denying his request for voluntary departure.

We generally lack jurisdiction to review denials of cancellation of removal applications under 8 U.S.C. § 1252(a)(2)(B)(i) and denials of voluntary departure requests under 8 U.S.C. § 1229c(f). But we retain jurisdiction to review "constitutional claims or questions of law raised upon a petition for review." 8 U.S.C. § 1252(a)(2)(D). The Supreme Court has held that a determination of exceptional and extremely unusual hardship is a mixed question of fact and law that is reviewable. *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024).

We review the decisions of the BIA and of the IJ insofar as the BIA adopts the IJ's conclusions. *See Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We determine "whether the BIA erred in applying the exceptional and extremely unusual hardship standard to a given set of facts [] by reviewing for substantial evidence." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025).

1. Substantial evidence supports the agency's exceptional and extremely unusual hardship determination. Exceptional and extremely unusual hardship requires hardship "substantially beyond that which ordinarily would be expected to result" from removal. *Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1006 (9th Cir. 2003) (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 59 (BIA 2001)).

Determining whether exceptional hardship is present requires a cumulative analysis of all hardship factors. *Salcido-Salcido v. INS*, 138 F.3d 1292, 1293 n.1 (9th Cir. 1998) (per curiam). Here, Petitioner's wife acknowledged that she "has the ability to care for and sustain herself." She independently held a job for 15 years, would have continued in that position had her employment not been terminated for violating a workplace policy, and is actively seeking employment. The IJ considered these factors in making the hardship determination and the BIA appropriately upheld that determination.

Petitioner's claim that the IJ violated his due process rights by exhibiting bias is also meritless. A due process violation necessitating reversal requires that the proceeding was "so fundamentally unfair that the alien was prevented from reasonably presenting his case," resulting in prejudice. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (quoting *Platero-Cortez v. INS*, 804 F.2d 1127, 1132 (9th Cir. 1986)). Prejudice was not present here, as Petitioner has not established that the hardship determination turned on the IJ's single comment about Petitioner's wife knowingly marrying an undocumented immigrant.

2. The agency did not abuse its discretion in denying Petitioner's request for voluntary departure. "[A]dministrative agencies have great latitude in exercising their discretion to grant or deny requests for voluntary departure*." Campos-Granillo v. INS*, 12 F.3d 849, 852 (9th Cir. 1993), *as amended* (Feb. 16, 1994). The agency

"must weigh both favorable and unfavorable factors," such as "the nature and underlying circumstances of the deportation ground at issue; additional violations of the immigration laws; the existence, seriousness, and recency of any criminal record; and *other evidence of bad character or the undesirability* of the applicant as a permanent resident." *Rojas v. Holder*, 704 F.3d 792, 794 (9th Cir. 2012) (internal quotation marks and citation omitted). Moreover, "the agency must indicate how it weighed the factors involved and how it arrived at its conclusion." *Yepes-Prado v. U.S. INS*, 10 F.3d 1363, 1370 (9th Cir. 1993), *as amended* (Nov. 12, 1993) (internal quotation marks and citation omitted).

Petitioner argues that the IJ did not engage in the requisite discretionary analysis, an error that was sustained by the BIA. Petitioner is wrong. The agency properly found that Petitioner's negative factors outweighed the positive factors. These negative factors included Petitioner's illegal reentry two weeks after agreeing to voluntarily depart the United States, a forgery conviction, a DUI conviction, and multiple violations for driving without a license following the DUI conviction. Petitioner's claim that the IJ gave undue weight to his arrests is unavailing. The IJ was well within her discretion to find that Petitioner's criminal history outweighed the benefits of his continued presence in the United States.

The motion to stay removal (Dkt. 20) is denied.

**PETITION FOR REVIEW DENIED.**