**Tomasa SALCIDO–SALCIDO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 96–70683.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 1997.

Decided March 16, 1998.

J. Hernando Prado, Oakland, California, for petitioner.

William Erb, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, DC, for respondent.

Before: BROWNING, PREGERSON, and HAWKINS, Circuit Judges.

PER CURIAM.

■ Petitioner Tomasa Salcido–Salcido ("Salcido"), a thirty-three-year-old native of Mexico, unsuccessfully sought suspension of deportation before an immigration judge ("IJ"). The Board of Immigration Appeals ("BIA") denied her application on the sole ground that Salcido failed to show that her deportation would result in "extreme hardship" to herself, her permanent resident husband, and her two U.S. citizen children. We review BIA determinations about "extreme hardship" for abuse of discretion. *See Jara–Navarrete v. INS*, 813 F.2d 1340, 1342 (9th Cir.1986) (citing *INS v. Wang*, 450 U.S. 139, 144, 101 S.Ct. 1027, 1031, 67 L.Ed.2d 123 (1981)).

I. *Family Separation*

■ "The most important single [hardship] factor may be the separation of the alien from family living in the United States." *Contreras–Buenfil v. INS*, 712 F.2d 401, 403 (9th Cir.1983) (internal quotations and citation omitted). Moreover, while an alien "cannot gain a favored status by the birth of a citizen child," *Ramirez–Durazo v. INS*, 794 F.2d 491, 498 (9th Cir.1986), "[t]he hardship to a citizen or permanent resident child may be sufficient to warrant suspension of the parent's deportation." *See Cerrillo–Perez v. INS*, 809 F.2d 1419, 1422 (9th Cir.1987).[1] Accordingly, this court has consistently asked the BIA to carefully appraise the impact that deportation would have on children and families. *See Casem v. INS*, 8 F.3d 700, 703 (9th Cir.1993). When the BIA fails to give "considerable, if not predominant, weight," to the hardship that will result from family separation, it has abused its discretion. *Gutierrez–Centeno v. INS*, 99 F.3d 1529, 1533 (9th Cir.1996). In the present case, the BIA abused its discretion because it failed to consider the hardship to Salcido and her U.S. children if they are separated because of Salcido's deportation to Mexico.

When the BIA "attribute[s] the hardship posed by family separation to 'parental choice' [instead of] deportation, the BIA abuse[s] its discretion." *Perez v. INS*, 96 F.3d 390, 392 (9th Cir.1996). That is precisely what the BIA did in this case. The BIA acknowledged that "family unity is an important consideration," but it erroneously concluded that Salcido's "decision to separate from her children is a personal choice."

In *Perez*, we found that the BIA made the same error, but we determined that the error was harmless because the BIA had "properly determined that the Perezes [had] failed to establish *an intent to separate*, obviously an element of any claim of hardship due to family separation resulting from deportation." *Id.* at 393. (emphasis added.) For example, Mrs. Perez testified that "she and her husband had not considered whether they would eventually leave [their son] behind" in this country if they were deported to Israel. *Id.* Further, the parents presented no evidence of any arrangements they had made for their son's care in this country if they were deported. *See id.*

■ The BIA's error in the present case is not harmless. Unlike the petitioners in *Perez*, Salcido specifically testified that if she were deported her children would not accompany her to Mexico because she could not support or care for them there. According to Salcido's husband's testimony-accepted on the record by the IJ at the immigration hearing in the form of an offer of proof-Salcido's husband would not permit their one-year-old daughter to leave this country.

---

1. Further, we have recognized that while one factor by itself may be insufficient to constitute "extreme hardship," that factor, when considered cumulatively with other relevant factors, may constitute hardship that is sufficiently unusual to be "extreme." *See, e.g., Prapavat v. INS*, 662 F.2d 561, 563 (9th Cir.1981) (finding abuse of discretion where BIA failed to consider cumulative effect of all relevant factors such as existence of U.S. citizen children, minimal economic opportunities for suitable employment in an underdeveloped country, and citizen child's lack of knowledge of the country's language).

Indeed, the BIA determined that Salcido had decided that if she were deported her family had to be separated and that she had arranged to leave her two children in the care of her mother and her husband. Accordingly, under the teachings of *Perez*, the BIA abused its discretion.

"In failing to consider the factor of separation, the BIA 'overlooked or evaded an inquiry necessary to a reasoned decision.'" *Cerrillo–Perez*, 809 F.2d at 1426 (citing *Trailways, Inc. v. ICC*, 673 F.2d 514, 525 (D.C.Cir.1982)). Therefore, we reverse the Board's order and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.