**Abelardo ALCOCER, Petitioner,**

v.

**IMMIGRATION NATURALIZATION AND SERVICES, Respondent.**

No. 01–71202.

INS No. A73–936–712.

United States Court of Appeals, Ninth Circuit.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Oct. 10, 2002.*

Decided Oct. 22, 2002.

Before REINHARDT, TROTT, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Abelardo Alcocer petitions for review of the Board of Immigration Appeal's (BIA's) decision denying his Motion to Reopen. Alcocer brought the Motion to Reopen after the BIA affirmed the Immigration Judge's (IJ's) denial of a suspension of his deportation. Alcocer argued that new circumstances arising between the time the IJ made the initial deportation order and the BIA's affirming of the same warrant a finding of extreme hardship. We have jurisdiction pursuant to the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA). *See* IIRIRA § 309(c); *see also Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997) (stating that deportation cases that were pending as of Apr. 1, 1997 and had final deportation orders issued after Oct. 30, 1996 fall under transitional rules). Under the transitional rules, the Court has jurisdiction to hear Alcocer's petition for review of the denial of his motion to reopen. *Arrozal v. INS,* 159 F.3d 429, 432 (9th Cir.1998). We review the BIA's denial of a motion to reopen for an abuse of discretion. *INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992).

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Alcocer contends that the BIA abused its discretion by not giving equities that arose after the deportation order (such as his having fathered a U.S. citizen child) their due consideration as required by law. The BIA did not abuse its discretion in according less weight to equities that arose *after* Alcocer was under an initial deportation order than to those that existed *prior* to that order. *See Wang v. INS,* 622 F.2d 1341, 1346 (9th Cir.1980), *rev'd on other grounds,* 450 U.S. 139, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981).

Alcocer also claims that the BIA's denial to reopen the proceedings violates his right to due process. We review *de novo* constitutional claims based on deportation proceedings. *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). The Fifth Amendment guarantees due process in deportation proceedings. *Torres–Aguilar v. INS,* 246 F.3d 1267, 1270 (9th Cir.2001). A decision by the BIA violates due process "if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Id.* (internal quotation marks omitted). These proceedings were not so fundamentally unfair that Alcocer could not reasonably present his case.

PETITION FOR REVIEW DENIED.

REINHARDT, Circuit Judge, dissenting.

REINHARDT, Circuit Judge.

In denying relief initially because of an absence of extreme hardship, the BIA concluded: "The respondent is young, single, without children, presumably in good health, with job experience as a machine operator acquired while in the United States." However, in the five years that Alcocer's administrative appeal remained pending before the BIA, the equities in his case changed considerably. By the time

the BIA resolved the case, Alcocer had a U.S. citizen child, whose Peruvian-born mother cannot accompany him to Mexico if he is deported, and he could no longer perform his past relevant work as a machine operator because of a work-related injury.

We have held that the BIA abuses its discretion in denying a motion to reopen when it fails to take into account all the relevant factors, fails to give a reasoned explanation for its conclusion, or disregards important aspects of the petitioner's claim. *Arrozal v. INS,* 159 F.3d 429, 432–33 (9th Cir.1998); *see also Watkins v. INS,* 63 F.3d 844, 848 (9th Cir.1995). If the BIA abuses its discretion in any of these ways, "[w]ithout prescribing any final result, we must remand such cases for proper consideration." *Tukhowinich v. INS,* 64 F.3d 460, 464 (9th Cir.1995).

I would hold that the BIA abused its discretion because it completely failed to consider the most important new evidence -specifically, that Alcocer's American citizen child would necessarily be separated from either his father or his mother. We have held repeatedly that "[t]he most important single [hardship] factor may be the separation of the alien from family living in the United States," and that the BIA abuses its discretion when it fails to give "considerable, if not predominant, weight" to the hardship that will result from family separation. *Salcido–Salcido v. INS,* 138 F.3d 1292, 1293 (9th Cir.1998) (citing cases). Here, the BIA simply did not consider the factor of family separation, instead holding, irrelevantly, that because Alcocer's son was still an infant, he could adjust to life in Mexico. Similarly, the BIA failed to consider the impact of Alcocer's work-related injury on his ability to work at his trade. Instead it stated, again irrelevantly, that there were doctors in Mexico capable of providing medical

care. Because Alcocer's ability to work as a machine operator formed a critical part of the BIA's initial decision, the BIA should not have rejected the motion to reopen without considering the fact that he can no longer perform this work.

Moreover, in rejecting Alcocer's claims, the BIA applied the incorrect legal standard, relying on *Matter of Correa*, 19 I & N Dec. 130 (BIA 1984), for the proposition that less weight is given to equities arising after the initiation of deportation proceedings. However, *Matter of Correa* governs the weight to· be given to "equities which are acquired *after a final order of deportation has been issued,*" which occurs only when the BIA affirms the deportation order. *Id.* (emphasis added); 8 U.S.C. § 1101(a)(47). Our own precedent sets forth a different rule for cases like Alcocer's in which the equities arise after a notice of deportation but prior to a final order. We have made it clear that in such cases the BIA may accord less weight to after-acquired equities only when circumstances suggest that they are part of a "calculated purpose" to delay or avoid deportation, and not when the facts show merely that "life has not stopped for the alien." *Wang v. INS,* 622 F.2d 1341, 1346 (9th Cir.1980), *rev'd on other grounds,* 450 U.S. 139, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981), *compare Caruncho v. INS,* 68 F.3d 356, 362 (9th Cir.1995) (stating that equities may be given less weight if aquired after issuance of final deportation order). Here, Alcocer's changed circumstances arose *before* the BIA issued a final order of deportation, and there is no suggestion that they were part of a "calculated purpose" to avoid deportation. To the contrary, they were events that occurred in the ordinary course of human life. Under these circumstances, the BIA erred in applying the *Correa* rule.

I would hold that the BIA abused its discretion because it completely disregarded important elements of Alcocer's claim and applied the wrong legal standard to those elements it did consider. Accordingly, I would grant the petition for review and remand for a proper consideration of all of Alcocer's claims under the correct legal standard.