MEMORANDUM **
Sergio Barajas-Valdovinos, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) order denying his application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review constitutional claims de novo. Torres-Aguilar v. INS, 246 F.3d 1267, 1271 (9th Cir.2001). We dismiss in part and deny in part the petition for review.
To the extent the petition for review challenges the BIA’s discretionary finding that Barajas-Valdovinos failed to establish the requisite hardship, we lack jurisdiction to review the finding. See Martinez-Rosas v. Gonzales, 424 F.3d 926, 929-30 (9th Cir.2005) (the court lacks jurisdiction to review the agency’s discretionary hardship determination and noneolorable due process claims).
The agency did not violate Barajas-Valdovinos’s due process rights by refusing to allow his expert witness to testify regarding his son’s mother’s mental illness, where the expert witness report was admitted into evidence and the testimony would have been cumulative. Cf. Kaur v. Ashcroft, 388 F.3d 734, 737 (9th Cir.2004) (finding due process violation where there was no substitute for the oral testimony which the IJ refused to allow).
The BIA also did not violate Barajas-Valdovinos’s due process rights by discounting his assertion that his son would stay in the United States with his son’s mother, where Barajas-Valdovinos also indicated he was uncertain as to where his son would reside and failed to show he had made arrangements for his son’s care in the United States. See Perez v. INS, 96 F.3d 390, 393 (9th Cir.1996); cf. Salcido-Salcido v. INS, 138 F.3d 1292, 1293-94 (9th Cir.1998) (finding abuse of discretion when BIA failed to consider separation where alien testified that children would not accompany her to Mexico and there was evidence that the alien’s husband would not permit their one-year old child to leave the United States).
PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.