**Salvador Rodriguez MASCORRO; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72854.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2006.

Filed Jan. 18, 2007.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Hawkins, Circuit Judge, dissented and filed opinion.

Daniel B. Levin, Esq., Munger Tolles & Olson, LLP, Los Angeles, CA, for Petitioners.

Salvador Rodriguez Mascorro, Orange, CA, pro se.

Delfina Rodriguez, Orange, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of

Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John D. Williams, Esq., Stacy S. Paddack, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit. Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and HAWKINS, Circuit Judges.

### MEMORANDUM *

Petitioners Salvador Rodriguez Mascorro and Delfina Rodriguez appeal the BIA's affirmance of the Immigration Judge's ("IJ") denial of their applications for cancellation of removal. The IJ found that Petitioners had been physically present for the requisite period and had proved their good moral character. The IJ concluded, however, that none of Petitioners' five children nor Petitioners' parents would suffer exceptional or extremely unusual hardship if Petitioners were removed.

Petitioners do not ask this court to reweigh the evidence of exceptional and extremely unusual hardship. Rather, they argue that the IJ did not apply the correct legal standard to their claim because, instead of weighing the evidence of hardship to their relatives cumulatively, the IJ looked at the hardship to each qualifying relative separately and determined that Petitioners' removal would not cause hardship to any one relative. Petitioners also contend that they were deprived of a full and fair hearing because the IJ abandoned her role as a neutral factfinder through aggressive questioning and hostile editori-alizing. For the reasons set forth below, we grant the petition and remand to the BIA.

Section 1252(a)(2)(B)(i) limits the court's jurisdiction over petitions for review of "any judgment" regarding denial of cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i). The REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231, provides, however, that the limits on judicial review found in subparagraph (C) do not preclude "review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D). We have interpreted the clause "any judgment" regarding cancellation of removal to eliminate jurisdiction "only over decisions by the BIA that involve the exercise of discretion." *See Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1144 (9th Cir. 2002). Whether the IJ has applied the proper legal standard is not a discretionary question, and accordingly, we have jurisdiction. Because the BIA affirmed the decision of the IJ without opinion, we review the IJ's decision. *See Ndom v. Ashcroft*, 384 F.3d 743, 750 (9th Cir.2004).

The first question before us is whether the IJ properly applied BIA precedent requiring that hardship to qualifying relatives be considered cumulatively. We find that the IJ did not. Eligibility for cancellation of removal requires that the alien show, *inter alia*, that his or her removal from the United States would cause "exceptional and extremely unusual hardship" to a United States citizen or legal permanent resident spouse, child, or parent. 8 U.S.C. § 1229b(b)(1). Both the BIA and this court have held that such hardship must be measured cumulatively, or in its

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

totality. *See Salcido–Salcido v. INS,* 138 F.3d 1292, 1293 n. 1 (9th Cir.1998); *Prapavat v. INS,* 662 F.2d 561, 563 (9th Cir. 1981); *Matter of Gonzalez Recinas,* 23 I. & N. Dec. 467, 472 (BIA 2002). Indeed, the IJ recited this standard in her decision. Yet reciting the proper legal standard is not sufficient; the IJ must actually apply the proper legal standard. Although the IJ discussed the hardship borne by each family member, a review of her opinion shows that she failed to consider that hardship cumulatively. Accordingly, we grant the petition and remand to the BIA for application of the proper standard.[1]

Petitioners also contend that the IJ's aggressive questioning and editorializing amount to the deprivation of a full and fair hearing. Although the IJ made several inappropriate comments, her statements do not rise to the level of egregiousness or hostility present in cases where we have found a due process violation. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 777–78 (9th Cir.2001); *Reyes–Melendez v. INS,* 342 F.3d 1001, 1004 (9th Cir.2003). Accordingly, we reject this portion of Petitioners' contentions.

Petition GRANTED; REMANDED to the BIA.

HAWKINS, Circuit Judge, dissenting:

My reading of the record suggests that the Immigration Judge did more than simply recite the proper legal standard for considering cumulative evidence of hardship, she actually applied it:

> Considering the hardship cumulatively, this court concludes that the respondents in this matter [petitioners in this appeal] have not established that removal would result in exceptional and extremely unusual hardship.

On this record, I cannot say that the record compels the conclusion the majority reaches. I would deny relief.

---

1. It is true that the IJ formalistically introduced her analysis with the conclusory statement reported by the dissent. However, in her subsequent analysis in which she applied the controlling standard, she analyzed only the individual hardships and did not purport to analyze them cumulatively or collectively.

We believe it appropriate to consider what the IJ did rather than what she said.

