744

**Maria CORTEZ–RIVERA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70299.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2007.

Filed March 28, 2007.

Maria Cortez–Rivera, Orange, CA, pro se.

---

Sung Uk Park, Esq., Law Offices of Sung U. Park, Los Angeles, CA, for Petitioner.

Maria Cortez–Rivera, Orange, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., John C. Cunningham, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT and TALLMAN, Circuit Judges, and WILKEN,* District Judge.

MEMORANDUM **

Petitioner Maria Cortez–Rivera, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA's) affirmance without opinion of an Immigration Judge's (IJ) denial of her application for cancellation of removal. Cortez–Rivera appeals on the grounds that (1) she was denied due process by the BIA's failure to consider her late-filed brief; (2) she was denied due process by the IJ's failure to consider the cumulative hardship to her qualifying relatives; (3) she was denied due process by the IJ's denial of her ripe cancellation of removal claim on the assumption that her unripe I–130 application would be expedited; and (4) she was denied equal protection because the IJ

* The Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

was prejudiced by the fact that she had a child while in immigration proceedings.

Although we lack jurisdiction to consider discretionary determinations, we retain jurisdiction to consider Cortez–Rivera's legal and non-discretionary claims. *See Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1144 (9th Cir.2002). This court also has jurisdiction to review constitutional claims "even when those claims address a discretionary decision." *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004 (9th Cir. 2003). We find that the IJ committed legal error by not considering the cumulative hardship to Cortez–Rivera's qualifying relatives.

The IJ found that, although Cortez–Rivera fulfilled the continuous physical presence and good moral character requirements, she was unable to demonstrate that her deportation would cause exceptional and extremely unusual hardship to her Legal Permanent Resident (LPR) husband and their five minor United States citizen children. In calculating the hardship that Cortez–Rivera's qualifying relatives would suffer, however, the IJ did not consider the cumulative hardship to her husband and children. *See Salcido–Salcido v. INS,* 138 F.3d 1292, 1293 n. 1 (9th Cir.1998) (per curiam); *Matter of Gonzalez Recinas,* 23 I. & N. Dec. 467, 472 (BIA 2002). She alluded indirectly to the husband's emotional hardship. And, instead of totaling the various hardships, the IJ appears to have discounted the overall hardship because Cortez–Rivera and her husband continued

having children while aware of Cortez–Rivera's lack of legal status. In effect, the IJ punished the children for the actions of their parents.[1] The government's argument that precedent allows the IJ to accord less weight to Cortez–Rivera's last child lacks merit, because every case cited discusses an adult who knowingly chose to marry a person without legal status; none discounts the hardship to a child who did not choose to be born to an undocumented mother. Because the IJ did not consider the multiple hardship factors "in combination," she committed legal error. *See Prapavat v. INS,* 662 F.2d 561, 562–63 (9th Cir.1981) (per curiam).

Although we need not address Cortez–Rivera's claim that the IJ improperly relied on her pending I–130 application, we note that her application has still not been approved and that she is still not *prima facie* eligible for adjustment of status. We also do not reach the issue of whether Cortez–Rivera's due process rights were violated by the rejection of her timely motion to file a late brief and the subsequent issuance of an order affirming without opinion. And, while we likewise do not reach Cortez–Rivera's equal protection claim, we note that the IJ's remarks were inappropriate. We therefore GRANT the petition and REMAND to the BIA for proceedings consistent with this disposition.

---

1. The IJ chastised both "respondents" for "directly contribut[ing] to [the hardship] by their own actions" and for putting their children "in that predicament." She also rebuked Cortez–Rivera's husband for "mak[ing] their life a little bit more difficult by creating yet another child," and complained that "now [Cortez–Rivera] claims that I should take into consideration the fact [of] the hardship to her child of five months of age." These inappro-

priate criticisms suggest that the IJ may not have considered the emotional hardship to Cortez–Rivera's husband. However, because the IJ committed legal error by not considering the cumulative hardship to all of Cortez–Rivera's qualifying relatives, the Court need not determine whether the IJ's analysis of the individual hardship facing Cortez–Rivera's husband was legally sufficient.