*222 MEMORANDUM **
The Board of Immigration Appeals (BIA) dismissed Miguel Ramos Flores’ appeal from the Immigration Judge’s (IJ’s) decision denying his application for cancellation of removal, and denied his motion to reconsider. Ramos petitions for review. We have jurisdiction because the petition raises a “colorable” question of law. 8 U.S.C. § 1252(a)(2)(D); Mendez-Castro v. Mukasey, 552 F.3d 975, 978 (9th Cir.2009). Because the BIA applied the wrong legal standard to determine whether Ramos met his burden to establish eligibility for cancellation of removal, we grant the petition for review and remand.
The BIA found Ramos ineligible for cancellation of removal because Ramos failed to demonstrate that his U.S. citizen children or lawful permanent resident parents would experience “exceptional and extremely unusual hardship” as a result of his removal. See 8 U.S.C. § 1229b(b)(1)(D).
Ramos testified that, if he were removed, his children would remain in the United States. In evaluating his claim, the BIA and IJ relied on Perez v. INS, 96 F.3d 390 (9th Cir.1996) and Matter of Ige, 20 I. & N. Dec. 880 (BIA 1994). Those cases hold that, in order to establish hardship based on family separation, an alien must submit an affidavit stating that the family wall be separated if he is deported. Perez, 96 F.3d at 393; Matter of Ige, 20 I. & N. Dec, at 885. However, pursuant to Salcido-Salcido v. INS, 138 F.3d 1292, 1293 (9th Cir.1998) (per curiam), that per se evidentiary requirement does not apply where other evidence adequately shows that the family will be separated.
Because Perez and Ige were limited by Salcido-Salcido, the IJ and BIA erred by relying solely on those cases in evaluating whether Ramos had met his evidentiary burden. We therefore GRANT Ramos’ petition and REMAND for the BIA to reconsider whether Ramos has established “exceptional and extremely unusual hardship” under the correct standard.
Because we find that the BIA erred by applying an incorrect legal standard, we do not reach the question whether the IJ violated Ramos’ due process rights at his removal hearing.
GRANTED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.