**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XUE JUN ZHOU, | No. 11-72502 |
| Petitioner, | Agency No. A075-123-741 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Xue Jun Zhou, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's denial of his application for cancellation of removal.  We have

jurisdiction under 8 U.S.C. § 1252.  We review de novo questions of law and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

constitutional claims, *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012), and we deny the petition for review.

The BIA did not err in declining to separately evaluate the hardship Zhou's United States citizen son would experience if the son returned to China with Zhou, where there was insufficient evidence that Zhou's son would accompany him. *See Perez v. INS,* 96 F.3d 390, 393 (9th Cir. 1996) (requiring evidence to support an otherwise speculative hardship scenario); *cf. Salcido-Salcido v. INS,* 138 F.3d 1292, 1293 (9th Cir. 1998) (per curiam). Zhou's argument that the BIA failed to consider financial hardship is not supported by the record. It follows that Zhou's due process claim fails. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice for a petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**