**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 5 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANTIAGO GUERRERO GARIBALDI, | No. 19-72115 |
| Petitioner, | Agency No. A208-197-573 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 3, 2025**
San Francisco, California

Before: CALLAHAN, BADE, and KOH, Circuit Judges.

Petitioner Santiago Guerrero Garibaldi ("Guerrero"), a native and citizen of

Mexico, petitions for review of an order by the Board of Immigration Appeals

("BIA") that dismissed his appeal from an order by an immigration judge ("IJ")

that denied his application for cancellation of removal and voluntary departure.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

"Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027-28 (9th Cir. 2019) (citation omitted). As relevant here, 8 U.S.C. § 1252(a)(2) strips courts of jurisdiction over removal orders denying cancellation of removal and removal orders denying voluntary departure. *See Wilkinson v. Garland*, 601 U.S. 209, 218 (2024). Section 1252(a)(2)(D), however, restores the court's jurisdiction over "constitutional claims or questions of law." *See Wilkinson*, 601 U.S. at 218 (quoting 8 U.S.C. § 1252(a)(2)(D)).

1. Guerrero challenges the denial of his application for cancellation of removal by the IJ and the BIA (collectively, the "Agency") on multiple grounds. First, he claims that his due process rights were violated because the IJ's analysis "demonstrated bias, violated [Guerrero's] right to a neutral adjudicator, and affected the IJ's ability to make an impartial decision based on the evidence of record." Guerrero did not present this claim to the BIA, and therefore has failed to satisfy 8 U.S.C. § 1252(d)(1)'s exhaustion requirement. *See Sanchez-Cruz v. INS*, 255 F.3d 775, 780 (9th Cir. 2001). The Government has properly raised exhaustion, so we may not review Guerrero's due process claim. *See Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024).

2

Second, Guerrero contends that the IJ failed to properly apply the exceptional and extremely unusual hardship standard by characterizing his family's separation upon his removal as his "choice." This argument presents a question of law that we have jurisdiction to review. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 979-80 (9th Cir. 2009), *abrogated on other grounds by Wilkinson*, 601 U.S. 209.

In suspension of deportation cases, we have held that the BIA errs when it fails to consider the hardships due to family separation by disregarding those hardships as a matter of "parental choice." *Salcido-Salcido v. INS*, 138 F.3d 1292, 1293 (9th Cir. 1998) (per curiam) (quoting *Perez v. INS*, 96 F.3d 390, 392 (9th Cir. 1996)). But the Agency in this case considered the extent of the hardships—financial and emotional—that Guerrero's children would face if they were to remain in the United States without him. The Agency also considered the other relevant factors. *Cf. Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1012 (9th Cir. 2005) (when considering "exceptional and extremely unusual hardship to a qualifying child," the agency should consider the child's age, health, educational needs, and financial support). Accordingly, Guerrero's second argument fails.

Third, Guerrero claims that the established facts showed that his children would suffer exceptional and extremely unusual hardship. Although we cannot review the IJ's factual findings, we may review whether the "established facts

3

satisfy the statutory eligibility standard." *Wilkinson*, 601 U.S. at 225. Our review is "deferential." *Id.*[1]

Here, the Agency recognized that upon Guerrero's removal, his U.S.-citizen children would remain in the United States with their mother, who is in good health. The Agency also found that Guerrero's children are in good health and enrolled in school without any learning disabilities. Additionally, the Agency found that while Guerrero's removal would cause financial hardship, he would be able to find work in Mexico and provide some financial support for his family, and that the children's mother may be able to provide additional financial support. Finally, the Agency found that although Guerrero's removal would cause emotional hardship to his U.S.-citizen children, most of the family (including the U.S.-citizen children's mother and their older sibling) would remain together, even upon Guerrero's removal. Given the "deferential" standard of review, *Wilkinson*, 601 U.S. at 225, we conclude that the Agency did not err in its determination that Guerrero failed to show that his removal would cause exceptional and extremely unusual hardship to his qualifying relatives.

2. Guerrero challenges the Agency's discretionary denial of his request for

---

[1] While *Wilkinson* did not define the "deferential" review required for review of "exceptional and extremely unusual hardship" determinations, 601 U.S. at 225, we recently held that the "substantial evidence" standard of review applies, *see Gonzalez-Juarez v. Bondi*, No. 21-927, slip op. at 11 (9th Cir. May 20, 2025). Under any "deferential" standard of review, we would deny the petition.

voluntary departure on the ground that the Agency "failed to consider all the factors"—namely, his "long residence in the United States" and his "rehabilitation" since his driving under the influence ("DUI") conviction. "Although we lack jurisdiction to reweigh the agency's exercise of discretion in denying voluntary departure," *Zamorano v. Garland*, 2 F.4th 1213, 1221 (9th Cir. 2021), we do "have jurisdiction to review whether the BIA and IJ failed to consider the appropriate factors or relied on improper evidence," *id.* (quoting *Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010)).

Here, the Agency adequately considered the favorable factors in denying Guerrero voluntary departure. Contrary to Guerrero's contention, the Agency considered the length of his residence in the United States. Additionally, although the Agency did not specifically mention Guerrero's claimed rehabilitation since his DUI, it can "reasonably be discerned" that the Agency determined that Guerrero's DUI was a net negative that weighed against voluntary departure, notwithstanding his claimed rehabilitation. *Id.* at 1222 (quoting *Garland v. Dai*, 593 U.S. 357, 369 (2021)); *accord Szonyi v. Barr*, 942 F.3d 874, 896-97 (9th Cir. 2019) (noting the "general presumption that the BIA considered all relevant factors"); *Vilchez v. Holder*, 682 F.3d 1195, 1200-01 (9th Cir. 2012). To the extent Guerrero contends that the Agency should have weighed these factors more favorably, we lack jurisdiction to consider that argument. *Olea-Serefina v. Garland*, 34 F.4th 856,

5

867 (9th Cir. 2022).

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues. *See* Dkt. Nos. 14, 16.