**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALAIN DE LOS SANTOS-OCANA, | No. 24-3029 |
| Petitioner, | Agency No. A216-376-200 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2025[**]
Phoenix, Arizona

Before: TALLMAN, BADE, and LEE, Circuit Judges.

Alain De Los Santos-Ocana, a native and citizen of Mexico, petitions for review of the denial of his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Where, as here, the Board of Immigration Appeals (BIA) expresses agreement with the reasoning of the Immigration Judge (IJ), we review both decisions. *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013). The agency's determination of "exceptional and extremely unusual hardship" under 8 U.S.C. § 1229b(b)(1)(D) is reviewed for substantial evidence. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1002–03 (9th Cir. 2025). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

1.      De Los Santos-Ocana argues that the agency failed to conduct a cumulative analysis of all relevant hardship factors. However, the record reflects that the agency considered the hardship factors individually and cumulatively. *See Salcido-Salcido v. INS*, 138 F.3d 1292, 1293 n.1 (9th Cir. 1998) (per curiam); *In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 472 (B.I.A. 2002) (explaining that the hardship factors must be assessed "in their totality"—"a 'cumulative' analysis"). Specifically, the agency considered the potential emotional, financial, and health-related burdens to De Los Santos-Ocana's qualifying relatives—his three U.S.-citizen children—both individually and cumulatively before determining the evidence did not surpass the ordinary hardship associated with the removal of a close relative. *See Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1006 (9th Cir. 2003) (explaining that a noncitizen must demonstrate hardship "substantially beyond that

which ordinarily would be expected to result from the alien's deportation" (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 59 (B.I.A. 2001))).

2.      Moreover, substantial evidence supports the agency's determination that De Los Santos-Ocana's removal would not result in "exceptional and extremely unusual hardship" to his children.  The agency observed that De Los Santos-Ocana's children were healthy and would continue to have access to public education and healthcare in the United States.  And although De Los Santos-Ocana's wife suffered from a thyroid condition, there was no evidence suggesting that her condition would worsen or could not be accommodated such that the children would suffer exceptional and extremely unusual hardship following his removal.  The agency also considered De Los Santos-Ocana's steady employment history and testimony that he would continue to financially support his children and wife from Mexico.  And finally, the agency determined that De Los Santos-Ocana's removal would not cause emotional hardship beyond that which would normally result from the removal of a close family member.  The record evidence does not compel the conclusion that any hardship faced by De Los Santos-Ocana's children would be "significantly different from or greater than the hardship that a deported alien's family normally experiences."  *Gonzalez-Juarez*, 137 F.4th at 1006 (citation omitted).  Accordingly, the agency's hardship determination must be upheld.  *Duran-Rodriguez*, 918 F.3d at 1028.

**PETITION FOR REVIEW DENIED.**