NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAVIER CHAPARRO-RAMIREZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.   20-73804

Agency No. A074-575-785

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2025[**]
Portland, Oregon

Before: CALLAHAN, CHRISTEN, and HURWITZ, Circuit Judges.

Javier Chaparro-Ramirez, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing an appeal from an order of an Immigration Judge ("IJ") denying cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

To obtain cancellation of removal, a non-permanent resident must establish that removal would result in "exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D). This means "hardship that deviates, in the extreme, from the hardship that ordinarily occurs in removal cases." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1007 (9th Cir. 2025). When the qualifying relative is a child, the petitioner generally must demonstrate that the child has "very serious health issues, or compelling special needs in school." *Fernandez v. Mukasey*, 520 F.3d 965, 966 (9th Cir. 2008) (per curiam) (cleaned up).

We review the agency's application of the hardship standard for substantial evidence. *See Gonzalez-Juarez*, 137 F.4th at 1003. Substantial evidence supports the IJ's finding that Chaparro did not show the requisite hardship to his two citizen children, the claimed qualifying relatives.[1] We therefore deny the petition for review.

1.     Chaparro's daughter Isidra testified that, despite experiencing thoughts of self-harm, "she would not act on those thoughts." She also admitted that she "may

---

[1]     To be a qualifying relative, a child must be an "unmarried person under twenty-one years of age." 8 U.S.C. § 1101(b)(1). When Chaparro applied for cancellation of removal, his children were seventeen and thirteen. Both children have since turned twenty-one and may no longer be qualifying relatives. *See Baltazar-Felipe v. U.S. Att'y Gen.*, No. 22-13188, 2023 WL 3961411, at *2 (11th Cir. June 13, 2023) ("[T]he plain language of the statute indicates that the relative must be a child—that is, under 21 years of age and unmarried—when the hardship of removal occurs, which can only be after the final adjudication of the application for cancellation of removal."). Because the government does not argue that the current ages of the children are disqualifying, we do not address the issue.

be able to get a full-time job in the United States and move on with her life even if her father were removed." Isidra had an Individualized Education Plan throughout her schooling and needed extra time to complete tests, but had graduated from high school before the merits hearing and intended to enroll in college courses with the goal of becoming a police officer. Chaparro's son Esteban testified that while he struggled in mathematics, he was "healthy and currently require[d] no special assistance in school."

The IJ permissibly determined that neither child would "suffer hardship substantially beyond that which would ordinarily be expected to result from" their father's removal. *Chete Juarez v. Ashcroft*, 376 F.3d 944, 949 n.3 (9th Cir. 2004) (cleaned up). In doing so, the IJ employed a cumulative hardship analysis and considered all relevant factors "in the aggregate." *See Salcido-Salcido v. I.N.S.*, 138 F.3d 1292, 1293 n.1 (9th Cir. 1998) (per curiam). *In re Gonzalez Recinas* does not require an analysis of hardship to non-qualifying relatives, because such hardship is relevant only insofar as it "affect[s] the potential level of hardship to . . . qualifying relatives." 23 I. & N. Dec. 467, 471 (BIA 2002).

2. Chaparro argues that the agency "erred in failing to qualify Dr. Mas[a]rik as an expert who can diagnose illnesses." IJs are "not bound by the strict rules of evidence at a deportation hearing," so "[w]hat matters is that the alien is accorded due process." *Lopez-Chavez v. I.N.S.*, 259 F.3d 1176, 1181 (9th Cir. 2001).

We therefore review to determine if the proceeding was "so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Colmenar v. I.N.S.*, 210 F.3d 967, 971 (9th Cir. 2000) (cleaned up).

We find no fundamental unfairness. Dr. Masarik made clear that she was not a clinical psychologist and could not diagnose medical conditions. The IJ allowed Dr. Masarik to offer opinions as an academic researcher and took them into account when assessing Isidra's mental state. The IJ thus fulfilled his "duty to fully and fairly develop the record," *Jacinto v. I.N.S.*, 208 F.3d 725, 733 (9th Cir. 2000) (cleaned up).

3.      The agency did not abuse its discretion in denying Chaparro's request for a continuance.[2] In reviewing the denial, we consider "a number of factors, including: (1) the nature of the evidence excluded as a result of the denial of the continuance; (2) the reasonableness of the immigrant's conduct; (3) the inconvenience to the court; and (4) the number of continuances previously granted." *Cruz Rendon v. Holder*, 603 F.3d 1104, 1110 (9th Cir. 2010).

Chaparro does not identify any specific evidence excluded because of the denial of the continuance. Thus, the first factor cuts against him. *Singh v. Holder*,

---

[2]     Although Chaparro suggests that the BIA erred in construing his "request to keep the record open as a request for a continuance," he does not explain why this makes a difference.

638 F.3d 1264, 1274 (9th Cir. 2011) (The IJ is "not required to grant a continuance based on . . . speculations.").

The second factor also cuts against Chaparro. Although more than two years elapsed between Chaparro's application for cancellation of removal and his merits hearing, his children did not meet with Dr. Masarik until just two days before the hearing. The IJ noted that Chaparro had identified Dr. Masarik as an expert in his pre-hearing statement and found "no explanation as to why he waited until two days prior to the individual hearing to have his children meet with" her.

Although the IJ and the BIA did not address the third and fourth factors, we nonetheless review them as part of our abuse of discretion analysis. A request for a continuance after a merits hearing will require the IJ to "reschedule the rehearing for a later date and devote additional resources to the case." *Palacios-Palacios v. Barr*, 814 F. App'x 227, 230 (9th Cir. 2020). So, the third factor cuts against Chaparro. The record does not indicate that Chaparro had previously been granted any continuances, so the fourth factor favors him.

Because three of the four factors weigh against continuance, the IJ did not abuse his discretion in declining to hold the record open.

**PETITION FOR REVIEW DENIED.**[3]

---

[3] The stay of removal, **Dkt. 1**, will dissolve upon the issuance of the mandate.