NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ADRIAN OMAR RUIZ-
MORA; ANGELICA MARIA
RODRIGUEZ-CARRILLO,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-2951

Agency Nos.
A200-291-005
A206-452-332

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2025**
Phoenix, Arizona

Before: GRABER, BADE, and LEE, Circuit Judges.

Petitioners Adrian Omar Ruiz-Mora and Angelica Maria Rodriguez-Carrillo,

natives and citizens of Mexico, petition for review of the denial of their

applications for cancellation of removal under 8 U.S.C. § 1229b(b)(1). We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where, as here, the Board of Immigration Appeals (BIA) expresses agreement with the reasoning of the Immigration Judge (IJ), we review both decisions. *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013). We review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005). We review the agency's determination of "exceptional and extremely unusual hardship" under 8 U.S.C. § 1229b(b)(1)(D) for substantial evidence. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1002–03 (9th Cir. 2025). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

1.      Petitioners argue that the agency violated their due-process rights by failing to consider relevant evidence. But there is no indication in the record that the agency failed to consider evidence relating to Petitioners' qualifying relatives—their two U.S.-citizen children. Because Petitioners have not shown error, their claim fails. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

2.      Petitioners also argue that the agency misapplied the legal standard by failing to conduct a cumulative analysis of all relevant hardship factors. *See*

*Salcido-Salcido v. INS*, 138 F.3d 1292, 1293 n.1 (9th Cir. 1998) (per curiam); *In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 472 (B.I.A. 2002) (explaining that the hardship factors must be assessed "in their totality"—"a 'cumulative' analysis"). But the record shows that the agency considered the hardship factors individually and cumulatively. Specifically, the agency considered the ages, health, and circumstances of Petitioners' U.S.-citizen children both individually and cumulatively before determining that the evidence did not surpass the ordinary hardship associated with the removal of a close relative. *See Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1006 (9th Cir. 2003) (explaining that a noncitizen must demonstrate hardship to a qualifying relative "substantially beyond that which ordinarily would be expected to result from the alien's deportation" (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 59 (B.I.A. 2001))). Thus, the agency did not misapply the legal standard.

3. Contrary to Petitioners' assertions, the BIA considered the issues raised on appeal and reasonably concluded that Petitioners' arguments that the IJ "rushed their testimony, cut off questioning, and made his conclusion prior to the termination of the testimony [were] not supported by the record." *See Agonafer v. Sessions*, 859 F.3d 1198, 1206 (9th Cir. 2017) ("While the BIA 'does not have to write an exegesis on every contention,' it is required to 'consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to

perceive that it has heard and thought and not merely reacted.'" (citation omitted)). Indeed, the IJ asked Petitioners' counsel twice whether they wanted to provide any further testimony or evidence not already in the record. And while the IJ concluded that further testimony regarding Petitioners' request for voluntary departure was not going to be relevant, the IJ also indicated his willingness to grant the relief requested and ultimately granted such relief. Thus, it was reasonable for the IJ to conclude that further testimony on this issue was not needed.

4.        Substantial evidence supports the agency's determination that Petitioners' removal would not result in exceptional and extremely unusual hardship to their U.S.-citizen children. The record shows that Petitioners' U.S.-citizen son is in good health, and there is no indication in the record that he would not be able to continue his schooling upon Petitioners' removal to Mexico. And while Petitioners' U.S.-citizen daughter has a serious health condition that must be monitored, the record does not compel the conclusion that she would be unable to receive the necessary medical care in Mexico.

**PETITION FOR REVIEW DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal, Dkt. 2, is otherwise denied.