NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 5 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUIS CANUL-MUKUL,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-2281

Agency No.
A077-118-795

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 1, 2025[**]
Pasadena, California

Before: GOULD, BEA, and BADE, Circuit Judges.

Petitioner Luis Canul-Mukul, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from

an immigration judge's (IJ) decision denying his applications for cancellation of

removal, asylum, withholding of removal, adjustment of status, and protection

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture (CAT).  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review de novo questions of law and constitutional claims.  *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005).  We review the agency's determination of "exceptional and extremely unusual hardship" under 8 U.S.C. § 1229b(b)(1)(D) for substantial evidence.  *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1002–03 (9th Cir. 2025).  Under the substantial evidence standard, "we must uphold the agency determination unless the evidence compels a contrary conclusion."  *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

1.     Canul-Mukul argues that the BIA erred by affirming the denial of cancellation of removal because the IJ failed to consider relevant evidence.  He argues that the agency failed to consider that his son might be unable to attend college if he had to work full-time to support himself in his father's absence.  Canul-Mukul also contends that the agency failed to consider that his removal to Mexico would cause increased stress to his parents who have health issues and who live with Canul-Mukul and his family.  The record shows that the agency considered these factors individually and cumulatively.  *See Salcido-Salcido v. INS*, 138 F.3d 1292, 1293 n.1 (9th Cir. 1998) (per curiam); *In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 472 (B.I.A. 2002) (explaining that the hardship factors must be assessed "in their totality"—"a 'cumulative' analysis").  Specifically, the

agency considered the ages, health, and circumstances of Canul-Mukul's qualifying relatives and found that the difficulties they would face if Canul-Mukul were removed to Mexico did not surpass the ordinary hardship associated with the removal of a close relative.

Canul-Mukul admits that the IJ "noted many of the relevant facts," but disagrees with the agency's conclusion that they did not establish exceptional and extremely unusual hardship. Substantial evidence, however, supports the agency's decision. Canul-Mukul's U.S.-citizen son is in good health, worked at a bodega, and had attended college briefly, but stopped while waiting for the pandemic to end. Although Canul-Mukul's parents have health issues and share the rent for their apartment with Canul-Mukul, the record does not compel the conclusion that they would be unable to receive necessary medical care if Canul-Mukul were removed.

Because the record does not compel the conclusion that any hardships faced by Canul-Mukul's qualifying relatives would be "significantly different from or greater than the hardship that a deported alien's family normally experiences," *Gonzalez-Juarez*, 137 F.4th at 1006 (citation omitted), the agency's hardship determination must be upheld. *Duran-Rodriguez*, 918 F.3d at 1028.

2. The BIA did not err by affirming the IJ's denial of asylum and withholding of removal because Canul-Mukul waived any challenge to the IJ's

dispositive determination that his proposed particular social groups (PSGs) were not cognizable. His membership in the PSGs was the only alleged protected ground supporting his claims for asylum and withholding of removal. The IJ determined that the proposed PSGs were not cognizable. In his brief to the BIA, Canul-Mukul mentioned that the IJ denied asylum and withholding of removal, but his substantive argument pertained only to asylum. He argued that he feared persecution based on the crime and violence in Mexico, but he did not challenge the IJ's cognizability determination. Because this unchallenged determination is dispositive of Canul-Mukul's claims for asylum and withholding of removal, the BIA did not err by affirming the denial of these forms of relief. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The lack of a nexus to a protected ground is dispositive of [a petitioner's] asylum and withholding of removal claims.").

3.     The BIA did not err by determining that Canul-Mukul did not present, and thus waived, any challenge to the denial of the adjustment of status and CAT protection. Canul-Mukul's brief to the BIA merely mentioned that the IJ denied these forms of relief, but it did not include any arguments pertaining to these issues. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam) (stating that when a petitioner filed a brief, "the BIA is entitled to look to

the brief for an explication of the issues that petitioner is presenting to have reviewed").

**PETITION DENIED.** [1]

---

[1] The motion for a stay of removal is denied. The temporary stay of removal is lifted. Dkt. 2.

25-2281