**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PABLO LOPEZ MONTES, | No. 25-1118 |
| Petitioner, | Agency No. A206-411-129 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2026[**]
Pasadena, California

Before: WARDLAW, M. SMITH, and BADE, Circuit Judges.

Pablo Lopez Montes (Lopez), a native and citizen of Mexico, petitions for

review of a decision by the Board of Immigration Appeals (BIA) dismissing his

appeal from an order of an immigration judge (IJ) denying his application for

cancellation of removal under 8 U.S.C. § 1229b(b)(1). We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252, and we deny the petition.

"Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning," the court reviews "the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). Because application of the statutory "exceptional and extremely unusual hardship" standard is "a mixed question of law and fact that is primarily factual," the agency's determination is reviewed for "substantial evidence." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1002–03 (9th Cir. 2025). Under that standard, the court "must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez*, 918 F.3d at 1028.

1. The BIA did not abuse its discretion in considering the hardship factors. The BIA abuses its discretion when it "fail[s] to consider [the] cumulative effect of all relevant [hardship] factors." *See Salcido-Salcido v. INS*, 138 F.3d 1292, 1293 n.1 (9th Cir. 1998) (per curiam). Here, the agency considered each factor both individually and collectively in the totality of the circumstances. Specifically, the agency considered the potential emotional, financial, and educational-related burdens to Lopez's qualifying relatives—his two U.S.-citizen daughters—both individually and cumulatively before determining that the evidence did not surpass the ordinary hardship associated with the removal of a

2                                                                                  25-1118

close relative to another country.[1] *See Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1006 (9th Cir. 2003) (explaining that an alien must demonstrate hardship to a qualifying relative "substantially beyond that which ordinarily would be expected to result from the alien's deportation" (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 59 (B.I.A. 2001))).

2.      Contrary to Lopez's assertion, the agency adequately considered the hardship to his daughters resulting from the ten-year bar to reentry under 8 U.S.C. § 1182(a)(9)(C).

3.      Substantial evidence supports the agency's determination that Lopez's removal would not result in "exceptional and extremely unusual hardship" to his two U.S.-citizen daughters.  There is no evidence in the record suggesting that either daughter has serious health issues or compelling special needs in school. *See Fernandez v. Mukasey*, 520 F.3d 965, 966 (9th Cir. 2008) (per curiam) ("With regard to hardship to a child, petitioners generally must demonstrate that they have a 'qualifying child with very serious health issues, or compelling special needs in school.'" (quoting *Monreal-Aguinaga*, 23 I. & N. Dec. at 63)).  Moreover, the

---

[1] While Lopez's eldest U.S.-citizen daughter is now over the age of twenty-one, she was under the age of twenty-one at the time the IJ adjudicated Lopez's cancellation of removal application and therefore is a qualifying relative. *See Mendez-Garcia v. Lynch*, 840 F.3d 655, 663–64 (9th Cir. 2016) (affirming that the qualifying child must be under twenty-one at the time the IJ adjudicates the cancellation of removal application).

record lacks evidence that would indicate that Lopez and his wife would be unable to support his two U.S.-citizen daughters upon his removal to Mexico. Because the record does not compel the conclusion that Lopez's qualifying family members would experience "hardship that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members [in the United States]," the agency's hardship determination must be upheld. *See Gonzalez-Juarez*, 137 F.4th at 1006 (quoting *Monreal-Aguinaga*, 23 I. & N. Dec. at 65).

**PETITION DENIED**.[2]

---

[2] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal, Dkt. 4, is otherwise denied.