NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 6 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTO RIOS-ROCHA, | No. 19-73287 |
| Petitioner, | Agency No. A209-138-817 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 22, 2025
Phoenix, Arizona

Before: GRABER, BADE, and LEE, Circuit Judges.
Dissent by Judge GRABER.

Petitioner Roberto Rios-Rocha, a native and citizen of Mexico, seeks review

of the Board of Immigration Appeals' (BIA) decision dismissing the appeal of an

immigration judge's (IJ) denial of his application for cancellation of removal under

8 U.S.C. § 1229b(b)(1). We have jurisdiction under 8 U.S.C. § 1252, and we deny

the petition.

"Where, as here, the BIA agrees with the IJ decision and also adds its own

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019) (citing *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011)). We review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005).

We review "an IJ's decision to exclude . . . evidence . . . for an abuse of discretion." *See Vatyan v. Mukasey*, 508 F.3d 1179, 1182 (9th Cir. 2007) (citing *United States v. Whitworth*, 856 F.2d 1268, 1283 (9th Cir 1988)). But "if the IJ's rejection of the [evidence] is based on purely legal grounds, we review de novo." *See id.* (citing *Khan v. INS*, 237 F.3d 1143, 1144 (9th Cir. 2001)).

We review the agency's determination of "exceptional and extremely unusual hardship" under 8 U.S.C. § 1229b(b)(1)(D) for substantial evidence. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez*, 918 F.3d at 1028 (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992)).

1.      Rios-Rocha has not shown that the agency erred as a matter of law or abused its discretion by excluding his expert's affidavit. Rios-Rocha first argues that the IJ erred by failing to state his reasons on the record for excluding the expert's affidavit. But the IJ's reasons for excluding the affidavit are reasonably

2                                    19-73287

discernable from the hearing transcript. *See Garland v. Ming Dai*, 593 U.S. 357, 369 (2021). Rios-Rocha next argues that the BIA engaged in impermissible fact-finding by accepting the government's arguments on the admissibility of the affidavit. *See* 8 C.F.R. § 1003.1(d)(3)(i). The BIA, however, expressly adopted and affirmed the IJ's decision, and did not make factual findings. Rather, it made a reliability determination when deciding whether the affidavit was properly excluded, noting that the government had argued the affidavit was inaccurate and the witness was not called to testify. And even if we assume that the agency abused its discretion by excluding the expert's affidavit, Rios-Rocha has not demonstrated prejudice. *See Hernandez v. Garland*, 52 F.4th 757, 766 (9th Cir. 2022). In reaching its decision, the BIA provided an alternative analysis that considered the affidavit and nonetheless concluded that Rios-Rocha had not established that his removal would result in exceptional and extremely unusual hardship to his qualifying family members. Accordingly, the agency did not err by excluding the expert's affidavit.

2.      Rios-Rocha also has failed to show that the agency violated his due process rights by excluding the expert's affidavit. Rios-Rocha has not demonstrated that the agency's exclusion of the affidavit may have affected the outcome of his proceedings. Accordingly, his due process claim fails. *See Lacsina Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009) ("A due process violation

19-73287

occurs where '(1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation.'" (quoting *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006))).

3. Contrary to Rios-Rocha's assertions, the agency did not misapply the legal standard as the record shows that it considered the hardship factors individually and cumulatively. *See Salcido-Salcido v. INS*, 138 F.3d 1292, 1293 n.1 (9th Cir. 1998) (per curiam); *In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 472 (B.I.A. 2002) (explaining that the hardship factors must be assessed "in their totality"—"a 'cumulative' analysis"). Specifically, the agency considered the potential emotional, financial, and health-related circumstances of Rios-Rocha's qualifying family members both individually and cumulatively before determining that the evidence did not surpass the ordinary hardship associated with removal. *See Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1006 (9th Cir. 2003) (explaining that an alien must demonstrate hardship "substantially beyond that which ordinarily would be expected to result from the alien's deportation" (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 59 (B.I.A. 2001))).

4. We decline to reach whether substantial evidence supports the agency's hardship determination as Rios-Rocha did not raise this issue in his

4                                                                                                    19-73287

opening brief. *See Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008) ("[We] will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief . . . ." (quoting *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986))).

**PETITION FOR REVIEW DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal, Dkt. 1, is otherwise denied.

Rios-Rocha v. Bondi, No. 19-73287

GRABER, Circuit Judge, dissenting:

I respectfully dissent.

The immigration judge ("IJ") erred by excluding the expert's affidavit. To the extent that the IJ and the Board of Immigration Appeals ("BIA") relied on the expert's unavailability for cross-examination, they legally erred. See Sanchez v. Holder, 704 F.3d 1107, 1109 (9th Cir. 2012) (per curiam) ("The Federal Rules of Evidence . . . do not apply in immigration hearings."). To the extent that they relied on the government's explanation that "the affidavit contains factual errors, including a mischaracterization of the [Petitioner's] son's asthma type," that assertion is entirely unsupported by the record. "Where the BIA does not consider all the evidence before it"—which may be indicated by the BIA's "misstating the record"—its "decision is legal error." Flores Molina v. Garland, 37 F.4th 626, 632 (9th Cir. 2022) (citation omitted).

Nor is the BIA's "alternative" ruling a sufficient reason to deny the petition. The BIA gave only one reason: "even if this evidence had been admitted, the [Petitioner] has failed to demonstrate that treatment for his son's asthma would not continue to be available at no cost to the [Petitioner's] family in the United States after the [Petitioner] returns to his country."

The fact that Petitioner's family will continue to have access to free medical care in the United States has no bearing on whether the expert affidavit's content would have affected the agency's hardship analysis. The agency is required to consider "all hardship factors . . . in the aggregate." Matter of Monreal-Aguinaga, 23 I. & N. Dec. 56, 64 (BIA 2001). The agency could not have conducted the required "cumulative" analysis of those factors, see Matter of Gonzalez Recinas, 23 I. & N. Dec. 467, 472 (BIA 2002), because the affidavit contained information that was relevant to the assessment of hardship and that was not otherwise in the record. For example, the expert opined that the stress that Petitioner's son and wife would experience as a result of his removal likely would aggravate his son's asthma which, in turn, could adversely affect his son's long-term pulmonary health, academic success, and professional achievement, as well as his wife's ability to keep a job. Because we lack jurisdiction to reweigh the hardship factors, see Mendez-Castro v. Mukasey, 552 F.3d 975, 980–81 (9th Cir. 2009), abrogated on other grounds by Wilkinson v. Garland, 601 U.S. 209 (2024), I would grant the petition and remand for a new hearing.